IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

JASON ERIC RADER,

        Petitioner,    :    Case No. 1:13-cv-056

 - vs -                              District Judge Michael R. Barrett
                                       Magistrate Judge Michael R. Merz

WARDEN CRUTCHFIELD,

                                              :

        Respondent.

## REPORT AND RECOMMENDATIONS

This is an action for writ of habeas corpus brought by Eric Rader *pro se* under 28 U.S.C. § 2254. Upon the filing of his Petition (Doc. No. 1), and on Magistrate Judge Bowman's Order (Doc. No. 2), the Respondent has filed a Return of Writ (Doc. No. 5) and Petitioner has filed a Reply (Doc. No. 6). Thus the case is ripe for decision.

**Procedural History**

Petitioner Eric Rader was convicted in the Butler County Common Pleas Court on November 10, 2010, on counts of complicity to murder, tampering with evidence, and obstruction of justice (Petition, Doc. No. 1, ¶¶ 2, 5). He was sentenced to a term of imprisonment of twenty years to life which he is now serving in Respondent Warden's custody. Raising five assignments of error and represented by new counsel, Rader appealed to the Ohio Twelfth District Court of Appeals which affirmed the trial court judgment on October 3, 2011

(Return of Writ, Doc. No. 5, Ex. 6, PageID 101-19).  Rader did not appeal to the Ohio Supreme Court until he filed a motion for delayed appeal January 25, 2012.  *Id.*  at Ex. 7, PageID 119.  That court denied the motion and thereby declined to exercise jurisdiction over an appeal.  *Id.*  at Ex. 9, PageID 147 .  Rader then filed the instant Petition raising one ground for relief as follows:

> **Ground One:** The trial court erred when it refused to include a jury instruction on a lesser included offense of Involuntary Manslaughter or Complicity to Involuntary Manslaughter.
>
> **Supporting Facts:** The trial court erred when it refused to include a lesser instruction to the jury. The sentencing entry in this case shows Petitioner received a 20 to Life sentence when the trial court erred by not allowing Petitioner the opportunity and right by law to have the jury consider a lesser offense.

(Petition, Doc. No. 1).

## Analysis

Although Respondent has arguable defenses based on the statute of limitations and procedural default, he has expressly waived those defenses and argues the merits of the case.  (Return of Writ, Doc. No. 5, PageID 26-33.)  Neither of those defenses is jurisdictional and thus they are subject to express waiver by the Attorney General.   Courts of appeals as well as district courts have authority to consider timeliness defense *sua sponte,* but only if the defense is forfeited, not if it is waived.

> We note here the distinction between defenses that are 'waived' and those that are 'forfeited.'  A waived claim or defense is one that a party has knowingly and intelligently relinquished; a forfeited plea is one that a party has merely failed to preserve. *Kontrick v. Ryan*, 540 U.S. 443, 458, n. 13 (2004); Unite*d States v. Olano,* 507 U.S. 725, 733 (1993).  That distinction is key to our decision in [this] case.

*Wood v. Milyard*, 566 U.S. ___, 132 S. Ct. 1826, 182 L. Ed. 2d 733, n.4 (2012).

Rader presented this claim to the Twelfth District Court of Appeals as his Second Assignment of Error. The court decided that assignment as follows:

> **[*P47]** "THE TRIAL COURT ERRED WHEN IT REFUSED TO INCLUDE A JURY INSTRUCTION ON A LESSER INCLUDED OFFENSE OF INVOLUNTARY MANSLAUGHTER OR COMPLICITY TO INVOLUNTARY MANSLAUGHTER."
>
> **[*P48]** In his second assignment of error, appellant argues that the trial court erred by failing to instruct the jury on the lesser-included offense of complicity to involuntary manslaughter. In support of this claim, appellant argues that "the evidence was insufficient to show [he] aided Mr. Hodge in committing a felonious assault," a second-degree felony underlying his complicity to murder charge, and therefore, because the jury could have determined that he merely aided Hodge in committing aggravated assault, misdemeanor assault, or attempted theft, an instruction on complicity to involuntary manslaughter was warranted. This argument lacks merit.
>
> **[*P49]** Jury instructions are matters left to the sound discretion of the trial court. *State v. Harry,* Butler App. No. CA2008-01-013, 2008 Ohio 6380, ¶35, citing *State v. Guster* (1981), 66 Ohio St.2d 266, 271, 421 N.E.2d 157. This court, therefore, reviews the trial court's decision refusing to provide the jury with a requested jury instruction for an abuse of discretion. *State v. Gray,* Butler App. No. CA2010-03-064, 2011 Ohio 666, ¶23, citing *State v. Wolons* (1989), 44 Ohio St.3d 64, 68, 541 N.E.2d 443. An abuse of discretion implies that the court's decision was unreasonable, arbitrary, or unconscionable, and not merely an error of law or judgment. *State v. Hancock,* 108 Ohio St.3d 57, 2006 Ohio 160, ¶130, 840 N.E.2d 1032.
>
> **[*P50]** A jury instruction on a lesser-included offense is required only where the evidence presented at trial would reasonably support both an acquittal on the crime charged and a conviction on the lesser-included offense. *State v. Carroll,* Clermont App. Nos. CA2007-02-030, CA2007-03-041, 2007 Ohio 7075, ¶136, citing *State v. Carter,* 89 Ohio St.3d 593, 600, 2000 Ohio 172, 734 N.E.2d 345. An instruction is not warranted, however, simply because the defendant offers "some evidence" to establish the lesser-included offense. *State v. Gray,* Butler App. No. CA2010-03-064, 2011 Ohio 666, ¶23, citing *State v. Shane* (1992), 63 Ohio St.3d 630, 632-633, 590 N.E.2d 272. Instead, there must be

> "sufficient evidence" to "allow a jury to reasonably reject the greater offense and find the defendant guilty on a lesser included (or inferior-degree) offense." (Emphasis sic.) *State v. Anderson,* Butler App. No. CA2005-06-156, 2006 Ohio 2714, ¶11, quoting *Shane* at 632-633. In other words, "[a] trial court does not abuse its discretion by not giving a jury instruction if the evidence is insufficient to warrant the requested instruction." *State v. Cutts,* Stark App. No. 2008CA000079, 2009 Ohio 3563, ¶72, citing *State v. Lessin,* 67 Ohio St.3d 487, 494, 1993 Ohio 52, 620 N.E.2d 72. In making this determination, the trial court must consider the evidence in a light most favorable to the defendant. *State v. Braylock,* Lucas App. No. L-08-1433, 2010 Ohio 4722, ¶33, citing *State v. Smith,* 89 Ohio St.3d 323, 331, 2000 Ohio 166, 731 N.E.2d 645.
>
> **[\*P51]** As this court has stated previously, involuntary manslaughter is a lesser-included offense of murder. See *State v. Carroll,* Clermont App. Nos. CA2007-02-030, CA2007-03-041, 2007 Ohio 7075, ¶82; see, also, *State v. Lynch,* 98 Ohio St.3d 514, 2003 Ohio 2284, ¶79, 787 N.E.2d 1185. However, although involuntary manslaughter is a lesser-included offense, based on the evidence presented in this case, no jury could have reasonably concluded that appellant aided Hodge in anything other than felonious assault that ultimately resulted in Huff's death for nothing in the record indicates the brutal attack amounted to anything less than serious physical harm, nor does the record indicate that the attack was brought on as a result of serious provocation by Huff constituting aggravated assault, or in an attempt to deprive Huff of his property. See *State v. Haney,* Clermont App. No. CA2005-07-068, 2006 Ohio 3899, ¶49; *State v. Finley,* Hamilton App. No. C-061052, 2010 Ohio 5203, ¶30; *State v. Mitchell,* Columbiana App. No. 05 CO 63, 2008 Ohio 1525, ¶121-123. Therefore, because the evidence did not reasonably support an acquittal on the complicity to murder charge and a conviction on the lesser-included offense of complicity to involuntary manslaughter, the trial court did not err by failing to instruct the jury as such. Accordingly, finding no error in the trial court's decision, appellant's second assignment of error is overruled.

*State v. Rader*, 2011-Ohio-5084, 2011 Ohio App. LEXIS 4200 (12th Dist. Oct. 3, 2011).

Petitioner relies on *Brewer v. Overberg*, 624 F.2d 51 (6th Cir. 1980), for the proposition that refusal to give a jury instruction on a lesser included offense is cognizable in federal habeas corpus.  But in *Brewer* the Sixth Circuit recognized that the United States Supreme Court had

"expressly reserved deciding the existence of a due process right to instructions on lesser included offenses," *Id.* at 52, n. 2, citing *Keeble v. United States*, 412 U.S. 205 (1973). The Sixth Circuit has since held "[d]ue process requires that a lesser included offense instruction be given only when the evidence warrants such an instruction." *Palmer v. Bagley*, 2009 U.S. App. LEXIS 11695 **9 (6th Cir. 2009), *quoting Hopper v. Evans*, 456 U.S. 605, 611 (1982). *Palmer* was a capital habeas case originating in this Court, so that the rule is certainly applicable in a case such as this which does not involve capital charges.

The Twelfth District Court of Appeals acknowledged that involuntary manslaughter is a lesser included offense of murder and then applied the test recited in *Palmer* and found the evidence would not support a finding of involuntary manslaughter because the beating to which the victim was subjected was clearly assault at the felony level – infliction of serious physical harm. To put it another way, to have found Rader guilty only of involuntary manslaughter, they would have had to disbelieve the uncontradicted evidence of the serious physical harm that the victim, Huff, suffered: "significant bruising over his entire body, as well as a broken arm, a broken neck, numerous fractured ribs, a torn kidney, and extensive internal bleeding." *State v. Rader, supra*, ¶ 38.

When a state court decides on the merits a federal constitutional claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court. 28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. ___, 131 S. Ct. 770, 785 (2011); *Brown v. Payton,* 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362, 379 (2000). Assuming the Fourteenth

5

Amendment requires giving a lesser-included offense instruction when the evidence warrants it,[1] the Twelfth District's decision in this case was not an objectively unreasonable application of that rule.

In his Memorandum in Opposition to the Return of Writ, Rader argues that he was improperly convicted of complicity to commit murder under Ohio Revised Code § 2903.02(B) when Ohio's felony murder statute is Ohio Revised Code § 2903.01(B), the capital murder statute (Doc. No. 6. PageID 713). Count One of the Indictment reads:

> On or about July 28, 2010, at Butler County, Ohio, Jason Eric Rader, acting with the kind of culpability required for the commission of an offense, did aid or abet another to commit MURDER, Ohio Revised Code § 2903.02(B), to wit: cause the death of Michael Huff as a proximate result of the offender's committing or attempting to commit an offense of violence that is a felony of the first or second degree and that is not a violation of section 2903.03 or 2903.04 of the Revised Code, which constitutes the offense of COMPLICITY TO MURDER, a Unclassified Felony, in violation of R.C. §2923.03(A)(2) and 2903.02(B), and against the peace and dignity of the State Of Ohio.

Count One plainly charges complicity to murder in violation of Ohio Revised Code § 2903.02(B). Ohio Revised Code § 2903.01 is Ohio's aggravated murder statute. It prohibits purposely causing the death of another "while committing or attempting to commit, or while fleeing immediately after committing or attempting to commit, kidnapping, rape, aggravated arson, arson, aggravated robbery, robbery, aggravated burglary, burglary, trespass in a habitation when a person is present or likely to be present, terrorism, or escape." In other words, the listed felonies do not include felonious assault. In contrast, Ohio Revised Code § 2903.02(B) refers to offenses of violence that are first or second degree felonies, which includes felonious assault under Ohio Revised Code § 2903.11. Rader's argument in his Memorandum in Response is

---

[1] That is, assuming the United States Supreme Court would adopt the rule the Sixth Circuit enunciated in *Palmer*.

therefore without merit.

**Conclusion**

Based on the foregoing analysis, it is respectfully recommended that the Petition herein be dismissed with prejudice on the merits. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous.

April 8, 2014.

s/ *Michael R. Merz*
United States Magistrate Judge

'**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).