IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

JASON ERIC RADER,

       Petitioner,       :       Case No. 1:13-cv-056

                                  District Judge Michael R. Barrett
     -vs-                        Magistrate Judge Michael R. Merz
                              :

WARDEN CRUTCHFIELD,

       Respondent.

## DECISION AND ORDER

This habeas corpus case is before the Court on Petitioner's Motion to Stay Proceedings pending a decision by the Twelfth District Court of Appeals on his Motion for Reconsideration of that court's decision affirming his conviction (Doc. No. 11).

As Rader recites in his Motion, the decision on which he seeks reconsideration was filed October 3, 2011. Under the Ohio Rules of Appellate Procedure, a motion for reconsideration must be filed within ten days of the date of the decision to which it is addressed. Rader's motion for reconsideration was not filed until sometime after June 5, 2014, when he mailed a copy of the motion to the Butler County Prosecutor.

The United States Supreme Court has decided that district courts have authority to grant stays in habeas corpus cases to permit exhaustion of state court remedies in consideration of the AEDPA's preference for state court initial resolution of claims. It cautioned, however,

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay

1

> and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. Cf. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State"). . . .
> On the other hand, it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.

*Rhines v. Weber*, 544 U.S. 269, 277-278 (2005).

Rader has furnished no explanation of his failure to file in the Twelfth District until now. Moreover, it is very likely the Twelfth District will deny relief because the motion for reconsideration is untimely by two and one-half years.

Moreover, Rader's new claim, which was never made in the Ohio courts, is without e convicted of aggravated murder where the predicate offense if felonious assault, the State does not need to first obtain a conviction for felonious assault.  All it needs to do is prove the elements of felonious assault as part of the aggravated murder trial.

Accordingly, Petitioner's Motion for Stay is DENIED.

July 8, 2014.                                      s/ *Michael R. Merz*
                                                   United States Magistrate Judge