# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

JASON ERIC RADER,

        Petitioner,  :  Case No. 1:13-cv-056

  - vs -                                     District Judge Michael R. Barrett
                                           Magistrate Judge Michael R. Merz

WARDEN CRUTCHFIELD,
                                              :

        Respondent.

## REPORT AND RECOMMENDATIONS ON MOTION FOR RECONSIDERATION

This habeas corpus case is before the Court on Petitioner's Motion for Reconsideration (Doc. No. 16). While the Federal Rules of Civil Procedure do not provide for motions for reconsideration, this particular Motion was timely under Fed. R. Civ. P. 59(e) which permits a federal court to alter or amend a judgment. A motion under Rule 59(e) is not an opportunity to reargue a case. *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)(citation omitted). Thus, parties should not use them to raise arguments which could and should have been made before judgment issued. *Id.* Motions under Rule 59(e) must establish either a manifest error of law or must present newly discovered evidence. *Id.*

Petitioner declares under penalty of perjury that he deposited the Objections which are attached to the instant Motion in the prison mailbox on or about June 16, 2014 (Motion, Doc. No. 16, PageID 736). Aside from his own declaration, he presents no proof of the deposit, such as an entry from the mail log at the prison. Moreover, his certificate of service on the Objections says they were mailed to the Clerk, in contrast to the certificate of service on the Motion, which

expressly mentions deposit in the prison mailbox. The Objections have not been received by the Clerk except as an attachment to the instant Motion. The Court is not required to accept at face value a declaration of deposit when the mail has not arrived as of almost two months after the asserted deposit.

To prevent difficulties of this kind, the Court has provided Warren Correctional Institution with a scanner for prisoner filings which automatically transmits the documents to the Court for filing. Rader apparently knows of the scanner system as he used it to file his Motion to Stay Proceedings (Doc. No. 11) after he claims he deposited the Objections in the prison mailbox. Prisoners who choose not to use the scanner system invite further skepticism regarding their mailing.

Whether or not the Objections were timely filed, the Court can consider the merits of those Objections as part of the Motion for Reconsideration because that was clearly timely filed.

Rader pleads one ground for relief in his Petition:

> **Ground One:** The trial court erred when it refused to include a jury instruction on a lesser included offense of Involuntary Manslaughter or Complicity to Involuntary Manslaughter.
>
> **Supporting Facts:** The trial court erred when it refused to include a lesser instruction to the jury. The sentencing entry in this case shows Petitioner received a 20 to Life sentence when the trial court erred by not allowing Petitioner the opportunity and right by law to have the jury consider a lesser offense.

(Petition, Doc. No. 1.)

The Report and Recommendations (the "Report," Doc. No. 8) recommended dismissing this claim with prejudice. It noted that the Sixth Circuit has held that "[d]ue process requires that a lesser included offense instruction be given only when the evidence warrants such an instruction." *Id.* at PageID 720, *citing Palmer v. Bagley*, 2009 U.S. App. LEXIS 11695 **9 6th

Cir. 2009), *quoting Hopper v. Evans*, 456 U.S. 605, 611 (1982).  The Twelfth District Court of Appeals on direct appeal in this case held that the evidence did not warrant the lesser included offense instruction because

> [N]o jury could have reasonably concluded that appellant aided Hodge in anything other than felonious that ultimately resulted in Huff's death for nothing in the record indicates the brutal attack amounted to anything less than serious physical harm, nor does the record indicate that the attack was brought on as a result of serious provocation by Huff constituting aggravated assault, or in an attempt to deprive Huff of his property.

*State v. Rader*, 2011-Ohio-5084, ¶ 51, 2011 Ohio App. LEXIS 4200 (12th Dist. Oct. 3, 2011). Rader actually quotes this paragraph verbatim in his Objections (Motion and Objections, Doc. No. 16, PageID 739).  In ¶ 38 of the same opinion, the Twelfth District found uncontradicted evidence that the victim suffered "significant bruising over his entire body, as well as a broken arm, a broken neck, numerous fractured ribs, a torn kidney, and extensive internal bleeding."

In his Objections, Rader offers no record references to any testimony which contradicts or undercuts this finding in any way.  He just asserts "[t]here was no concrete evidence of the serious physical harm that the victim, Huff, suffered at the hands of Petitioner." (Motion and Objections, Doc. No. 16, PageID 739.)  Any one of a broken arm, a broken neck, fractured ribs, a torn kidney, or extensive internal bleeding, standing alone, would be enough for serious physical harm under Ohio law. There is no doubt under Ohio law that this level of physical injury constitutes serious physical harm, the required element of felonious assault.  The findings of fact of the Twelfth District are binding on this Court unless Rader can show that they "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings." 28 U.S.C. § 2254(d)(2).  Rader has not even attempted to make that showing.  Thus the Twelfth District's conclusion is clearly right as a matter of state

3

law.

Rader faces a further hurdle not discussed in the Report. The Magistrate Judge assumed for the purposes of the Report that the Fourteenth Amendment required giving a lesser included offense instruction when the evidence warrants it (Report, Doc. No. 8, PageID 720-21). That assumption is not warranted in terms of clearly established Supreme Court precedent. As a matter of federal constitutional law, a defendant is entitled to a lesser-included offense instruction only when the evidence warrants it in a capital case. *Beck v. Alabama*, 447 U.S. 625, 636, fn. 12 (1980); *Keeble v. United States*, 412 U.S. 205 (1973); *State v. Kilby*, 50 Ohio St. 2d 21 (1977). "Due process requires that a lesser included offense instruction be given only when the evidence warrants such an instruction." *Palmer v. Bagley*, 2009 U.S. App. LEXIS 11695, *9 (6th Cir. 2009), *quoting Hopper v. Evans*, 456 U.S. 605, 611 (1982). The Sixth Circuit has in fact refused to extend *Beck* to non-capital cases. *Scott v. Elo*, 302 F.3d 598, 606 (6th Cir. 2002); *Campbell v. Coyle,* 260 F.3d 531, 541 (6th Cir. 2001); *Bagby v. Sowders,* 894 F.2d 792, 795-97 (6th Cir. 1990).

The Court's judgment in this case is not based on any manifest error of law. The Motion for Reconsideration should therefore be denied.

August 6, 2014.

s/ *Michael R. Merz*
United States Magistrate Judge

4

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).