UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JASON ERIC RADER,                        No.: 1:13-cv-56

    Petitioner,                          Barrett, J.
                                                      Merz, M.J.

    v.

WARDEN CRUTCHFIELD,

    Respondent.

### OPINION AND ORDER

This matter is before the Court on Magistrate Judge's Report and Recommendation on the Motion for Reconsideration (Doc. 17) and Petitioner's objections (Doc. 18). This matter is ripe for review.

When objections to a magistrate judge's report and recommendation are received on a dispositive matter, the assigned district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1). General objections are insufficient to preserve any issues for review: "[a] general objection to the entirety of the Magistrate [Judge]'s report has the same effect as would a failure to object." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Nevertheless, the objections of a petitioner appearing pro se will be construed liberally. *See Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Construing Petitioner's objections liberally, he raises two objections to the Report. For the reasons discussed below, both objections are overruled.

First, Petitioner disagrees with the Magistrate Judge's statements concerning the timeliness of his objections, and in particular, his failure to use to the scanner provided at the Warren Correctional Institution. Notwithstanding that disagreement, the Magistrate Judge still was correct in pointing out the deficiencies in Petitioner's declaration and in considering Petitioner's objections on the merits as part of the Motion for Reconsideration. As such, his first objection is overruled.

Second, Petitioner objects to the Magistrate Judge's quotation of the decision of the Twelfth District Court of Appeals, arguing that the decision refers to the crime of "felonious assault" with which he was never charged. He contends that absent a charge of felonious assault as the predicate offense for the crime of Complicity to Murder, he should have received an instruction on the lesser-included offense of Involuntary Manslaughter or Complicity to Involuntary Manslaughter.

To the extent the argument as to the charging of the predicate offense has been raised for the first time in the objections to the Report, it is deemed waived and it is not necessary to consider it here. *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000) (recognizing that issues raised for the first time in objections of the magistrate judge's recommendation are deemed waived); *Ward v. United States*, 208 F.3d 216 (6th Cir. 2000) (finding that petitioner's failure to raise an argument before the magistrate judge amounted to waiver because claims "raised for the first time in objections to a magistrate judge's report [are] deemed waived.").[1]

Considering the merits, however, it has been previously explained (Doc. 8, PageId 721) that Count One plainly charged Petitioner with complicity to commit murder in violation of Ohio Rev. Code § 2903.02(B), which refers to offenses of violence that are first or second degree

---

[1] Petitioner did not raise this issue in his motion for reconsideration. (Doc. 16). His arguments focused instead on the sufficiency of the evidence as well as the law as to when an instruction on a lesser-included offense should be given to the jury. (Id.).

felonies, including felonious assault under Ohio Rev. Code § 2903.11 (Doc. 5-1, PageId 43).[2] As the Magistrate Judge correctly recognized in the Report (Doc. 17, PageId 742-43), the Twelfth District Court of Appeals found that the evidence supports only a felonious assault charge and not a lesser-included offense, and those factual findings are binding on this Court unless Petitioner shows that they "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings."  28 U.S.C. § 2254(d)(2).  As nothing in Petitioner's objections changes the conclusion that he has not made such a showing, the undersigned agrees with the Magistrate Judge that the Twelfth District's conclusion is clearly right as a matter of state law.  Further, Petitioner's objections do not address, much less alter, the Magistrate Judge's analysis as to the due process requirements for instructing on a lesser-included offense in this case.  (Doc. 17, PageId 743).

For the foregoing reasons, Petitioner's objections (Doc. 18) are **OVERRULED** and the Report (Doc. 17) is **ADOPTED** in its entirety.  Petitioner's Motion for Reconsideration (Doc. 16) is therefore **DENIED**.

**IT IS SO ORDERED.**

s/Michael R. Barrett
JUDGE MICHAEL R. BARRETT
UNITED STATES DISTRICT COURT

---

[2] The Twelfth District Court of Appeals further indicated that the bill of particulars identified the offense of violence as "felonious assault in violation of R.C. 2903.11(A)(1), a second degree felony."  (Doc. 5-1, PageId 110).  The trial transcript also reflects that the jury was instructed on the issue of felonious assault within the context of Count One.  (Doc. 5-4, PageId 683-84).